IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MELISSA HENNON,

    Plaintiff,

vs.                                        CASE NO. 5:08cv336-RH/CAS

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff filed a petition requesting an award of attorney's fees for work done before this court pursuant to 42 U.S.C. § 406(b). Doc. 21. These fees are to be paid from Plaintiff's award of benefits. Defendant withheld $18,101.25 from past due benefits. *Id.* at 2; *see also* doc. 21-5 at 2. Plaintiff's attorney had a contingent fee contract with Plaintiff, to be paid 25% of past due benefits awarded if Plaintiff were successful. Doc. 21-7. Plaintiff's attorney requests a fee of 25% of the past due benefits awarded, that is, $11,161.25, after deducting $6,000.00 (from which $44.00 was deducted as an administrative fee) and $940.00 (from which $29.61 was deducted as an administrative fee) for amounts previously paid. *Id.* at 3; *see also* docs. 21-8, 21-9, 21-10 at 2, and

21-11 at 2. Plaintiff has not requested or received an Equal Access to Justice Act fee award. Docs. 21 at 3 and 23 at 4. Plaintiff computed the time he and para-legal(s) spent from September 18, 2007, through July 22, 2013, which totaled 56.25 of attorney time and 16 hours of paralegal time. Doc. 21-13. Thus, the net fee requested in the petition is an effective hourly rate of $198.42 for attorney time.

Defendant objects to approval of this fee request. Doc. 23. Defendant argues that Plaintiff is only entitled to recover attorney fees for time spent pursuing Plaintiff's claim in this court pursuant to § 406(b), which according to Defendant is 24.50 hours of attorney work that yields a net attorney fee of $455.56. *Id.* at 3-4. At the request of the court, doc. 24, Plaintiff filed a reply. Doc. 25. Plaintiff re-calculated his attorney and para-legal time expended before this court, which totaled 24 hours of attorney time and one hour of para-legal time. Doc. 25 at 2. As re-calculated, Plaintiff claims entitlement to $11,161.25 for his attorney time, which now yields an hourly rate of $465.05. *Id.*

Gisbrecht v. Barnhart, 535 U.S. 789, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002), established guidelines for calculating a reasonable fee pursuant to 42 U.S.C. § 406(b). The Court rejected the lodestar method which this circuit adopted in 1999 and applied in this division since 1991. Kay v. Apfel, 176 F.3d 1322 (11th Cir. 1999); Gray v. Sullivan, MCA 89-50053-WS, report and recommendation, doc. 21, adopted by Chief Judge Stafford on March 14, 1991, doc. 22. The Court in Gisbrecht said that the district court should first look to the contingent fee agreement and then test the fee sought for reasonableness. 535 U.S. at 808, 122 S.Ct. at 1828. The Court suggested that the fee should be reduced if the representation was substandard, if the attorney was responsible

for delay,[1] or if the fee is a windfall (that is, "large in comparison to the amount of time counsel spent on the case" when compared to the "lawyer's normal hourly billing charge for noncontingent-fee cases"). *Id.*

Applying these factors to this case and based on a review of the docket, including Plaintiff's and the Defendant's memoranda and the Report and Recommendation, it is noted that the representation in this case was fine. No delay was caused by Plaintiff's attorney. *See supra* n.1. Also, the fee sought for attorney time only is reasonable in light of the work performed, the result achieved, and in comparison with other fee awards in Social Security cases. The reasoning of Magistrate Judge Davis in Toler v. Barnhart, case number 3:02cv299-LAC/MD, adopting by Judge Collier on May 10, 2004 (docs. 36 and 38) is persuasive:

> Other circuits have recognized instances in addition to those suggested by the *Gisbrecht* court in which reduction of the contracted 25% amount might be warranted, but none of those are present here. Plaintiff's counsel was diligent in his representation of plaintiff in this case, and his efforts certainly were not substandard. The only other reason advanced by the Supreme Court concerned the reasonableness of the fee in relation to the amount of work performed. Thus, where counsel effectively seeks a windfall, his fee ought to be reduced. Twenty five percent of the plaintiff's award in this case is $18,981.50, or at least that is the amount the Commissioner withheld. That amount, divided by the 11.6 hours reasonably expended in this court, would result in an hourly rate of $1636. While that is very high, it is not uncommon for lawyers who represent plaintiffs in personal injury and wrongful death litigation to receive similar fees. Plaintiffs in those cases, who often have been severely injured and are unable to work, commonly agree to contingency fees of between 33% and 40%, and their ultimate recovery, if there is one, is reduced by that amount. But counsel here is

---

[1] Delay in deciding a social security case causes an increase in past due benefits and thus an increase in the potential § 406(b) fee, which is usually a contingent fee based upon a percentage of those benefits. Here, the Complaint was filed on November 6, 2008, doc. 1, and Plaintiff's memorandum was timely filed on March 10, 2009, doc. 11, in accordance with the court's initial scheduling order. Doc. 10.

      not asking for 25% as his contract with plaintiff otherwise entitles him. Rather, his requested fee will come to 7.66% of plaintiff's recovery after she is refunded the EAJA award. While that results in an effective hourly rate of $625, the court must recognize that if counsel's efforts had failed in this appeal, his hourly rate would have been zero, and plaintiff would have received nothing. The court must also recognize that plaintiffs face a very heavy burden in winning Social Security appeals, and that reversal is the exception in this court, not the rule, further underscoring the contingent nature of these cases.

Toler v. Barnhart, case number 3:02cv299-LAC/MD, report and recommendation, doc. 36 at 3-4. *See also* Claypool v. Barnhart, 294 F.Supp. 829 (S.D. W.Va. 2003) (approving a § 406(b) contingent fee of 11% of past due benefits resulting in an hourly rate of $1,433.12 per hour).[2] For the same reasons, the fee sought in this case by Plaintiff ($465.05 per hour) is not a windfall, given the contingencies of Social Security litigation. The fee sought is reasonable.

      Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's petition for attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $11,161.25 be **GRANTED and** the court **ORDER** the Commissioner to disburse this amount to Plaintiff's counsel.

      **IN CHAMBERS** at Tallahassee, Florida, on September 6, 2013.

      **s/ Charles A. Stampelos**
      **CHARLES A. STAMPELOS**
      **UNITED STATES MAGISTRATE JUDGE**

---

[2] The two fee amounts awarded by the court in two cases cited by the Commissioner are not inconsistent with the result reached herein. *See* doc. 23 at 4.

Case No. 5:08cv336RH/CAS

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**